STEPHEN HENRY v. PETER FERGUSON, CHARLES FERGUSON AND JOHN HEVENER, ADM'RS FOR HOMER A. QUACKENBUSH.

[See 38 Mich. 369; 42 Mich. 75 and 48 Mich. 415.]

*Action on replevin bond—Mortgage antedating levy—Finding of ownership —Deductions—Purchasers in good faith.*

1. A mortgage on a stock of goods need not be filed to establish its priority over levies subsequently made, if the mortgage was given to secure the negotiable notes of a purchaser who was not the execution defendant nor a creditor of his, and did not claim in hostility to the owner of the mortgage.

2. Where one in good faith buys a mortgage on goods without notice of prior levies thereon, his rights under it cannot be affected by the fraud of his assignee or notice thereto.

3. A finding in a replevin suit of general ownership in a specified person is only to determine rights between the parties to that suit, and is not so conclusive in a subsequent suit on the replevin bond as to establish his right to mortgage the property. especially if the mortgage postdated ownership.

4. In an action on a replevin bond a surety thereon who has become owner of a judgment under which a valid levy was made, is entitled to have the amount of the judgment deducted from the value of the replevied property if the claim was not presented with those on which the lien was grounded. So, also, property owned by the principal in the bond may be deducted, though included in the lien, if it had not belonged to the execution defendant and had gone to a bona fide holder.

5. In an action on a replevin bond it cannot be shown that property already adjudged to belong to the principal in the bond was really only held by him to sell on commission.

Error to Genesee. (Newton, J.) Oct. 14.—Nov. 20.

DEBT. Plaintiff brings error. Reversed.

*Geer & Williams* for appellant.

*W. B. Jackson* for appellee.

SHERWOOD, J.   This is an action on a replevin bond, in which Homer A. Quackenbush, now deceased, was principal and the two Fergusons were sureties.

The suit in which the bond was given was tried in 1878, and Henry had judgment.   He had taken the goods as deputy sheriff of the county of Lapeer by virtue of several executions and two writs of attachment against one Parmelee. Henry's claim was a lien under these writs, and amounted to $2644.49, and judgment was taken for that amount, on his election to take the value of his interest under the lien. Execution against the defendants on this judgment was returned unsatisfied, and the plaintiff then brought this suit on the bond.

At the time the suit was brought, Quackenbush was living and was in possession of the goods, claiming a portion of them as owner.   He has since died, and his interest is now represented by the administrator.

The defendants pleaded the general issue, and gave notice they would show in their defense :

*First.*   That the levies under which the plaintiff claimed were fraudulent and void, and gave him no lien upon the property taken.

*Second.*   That $1500 worth of the goods taken by the plaintiff under his pretended levy were not the goods of Quackenbush, but were held by him at the time for sale on commission.

*Third.*   That at the time the goods were taken by plaintiff the defendant Charles Ferguson had a mortgage lien upon them for the sum of about $4000, which was prior in time to the plaintiff's pretended services.

These several defenses are claimed to be admissible under the following provisions of our statute, viz. :

" In any action prosecuted on such bond given by the plaintiff in an action of replevin, for the deliverance of any property, the defendants may show, in mitigation of the damages, that the obligee in such bond had only a lien upon, or special property, or part ownership in said property at the time of commencement of suit in replevin, and that the defendants, or either of them, had at the same time a part ownership or other valuable interest in said property ; and if

such lien, special property, part ownership, or other interest of said obligee, with interest thereon, amount to less than the value of the property replevied, a corresponding reduction shall be made from such value." How. Stat. § 8354.

The plaintiff failed on the trial, and brings the case here on error, the record containing substantially all the evidence. It appears from the testimony that Parmelee's business from January till September, 1874, was principally selling hardware and agricultural implements in Imlay City, and Homer A. Quackenbush was his clerk; that on the 11th of August, 1874, Parmelee sold and transferred by bill of sale his stock of goods of all kinds to defendant Peter Ferguson, who thereupon took possession of them, and hired Quackenbush to take charge of the business; that on the 24th of August, 1874, Peter Ferguson sold the goods to Quackenbush and took back a mortgage thereon for $4000. Afterwards, Peter transferred the mortgage to the defendant Charles Ferguson, who was his brother, and received in exchange some hotel property in Marlette, in Sanilac county. Charles subsequently took the property for the mortgage, and gave up the notes to Quackenbush. Charles sold and disposed of the goods, and had the avails thereof.

Five judgments were obtained against Parmelee, as follows:

1st. January 27, 1874, for $716.14 and costs; execution issued and levied on the goods claimed by Quackenbush, February 10th following.

2d. Judgment, January 28, 1874, for $209.52 and costs; execution issued thereon and levied upon the same goods February 10th, thereafter.

3d. Judgment, January 29, 1874, for $131.17 and costs; execution issued thereon and levied upon same goods, February 12th thereafter.

4th. Judgment, June 1, 1874, for $463.23 and costs; execution issued and levied upon same goods same day.

5th. Judgment in justice's court, August 25, 1874, for $62.50 and costs; execution levied upon same property, September 18th following.

6th. Attachment issued September 19, 1874, for $485.66 and costs, and levied same day on same goods.

7th. A second attachment levied same time for about $800, on same goods.

It further appears, by the testimony, that the goods were not disturbed or removed nor receipted for when they were levied upon under the executions, but were so taken and removed by the officer when the attachments were levied. It is substantially conceded that the attachment and the execution on the White & Ham judgment [that of August 25, 1874] were properly levied, but the levies under the other writs are claimed not to have been properly made, and were therefore void. The levy under the White & Ham execution was made September 18th and the attachment September 19th. After the goods were taken on the attachment, Quackenbush, who was then alive, replevied them with the result above stated.

On the trial the jury found the general property in the goods to be in Quackenbush, and that the sheriff had a special interest therein to the extent of his levies, the amount being $3917.38.

It was in that replevin suit that the bond in this suit was given, and the plaintiff now seeks to recover the sum found by the jury in that case as defendants' special lien, and interest thereon. The mortgage was given on the 24th of August, 1874, so that, if it was valid, it was prior in time to the Ham execution and the levies under the attachments, and was sufficient in amount to exhaust the proceeds of the goods if applied to its payment, and would leave nothing for the sheriff.

It was claimed by plaintiff upon the trial, that the levies made on the 10th and 12th of February and on the 1st of June, 1874, were valid, and therefore preceded the mortgage lien of Charles Ferguson. The question of their validity went to the jury under proper instructions from the court, and they found against the plaintiff upon this point.

As between the liens under the other levies and the mortgage (if the mortgage was valid), it was not necessary to file the latter to preserve its priority. The notes were negotiable, and the notes and mortgage were not given by the

defendant in the writs under which the levies were claimed to have been made, and who was not a creditor of Quackenbush and does not claim in hostility to the owner of the mortgage.

If Charles Ferguson bought the mortgage in good faith, and without notice of prior levies upon the property, his rights thereunder could not be affected by the fraud of, or notice to his assignee, and the questions of notice and of fraud were properly submitted to the jury by the circuit judge, and their verdict was also against the plaintiff upon those points.

It was strenuously contended on the trial, and conceded by the circuit judge, that the finding in the replevin suit that Quackenbush was the general owner of the property, while Henry had a lien thereon for a specified amount, was conclusive, in this case, of the title of Quackenbush, and would therefore support the mortgage which he gave. This contention would have been plausible if the finding had related to the time when the mortgage was given, but in point of fact it related to a different time. The mortgage was given at a previous time. What that time was, was a disputed question on the trial; one party contending that it was given at its date, and the other that it was antedated. Now, a finding that Quackenbush was owner at one time could not have retroactive effect to fix his ownership at a prior date; still less could it do so when the prior time itself was in dispute, as was the case here. There was, therefore, error in holding the finding conclusive on this question.

The action of replevin is a possessory action, and in the suit between Quackenbush alone and the plaintiff it was only necessary to show the former entitled to the possession of the property at the time of bringing the suit; and the adjudication that Quackenbush was the general owner, was only for the purpose of determining the right of the plaintiff subject to the special lien set up on the defense in that suit, as between the parties therein, and has no binding effect beyond that.

The defendant Peter Ferguson claimed to be the owner

of the Hensien judgment, and the right to have it allowed to him in defense on the trial at the circuit, and this was permitted; the circuit judge saying to the jury that, if they found the execution in the case to be the first valid levy upon the goods when they were taken by the plaintiff, and that Peter Ferguson had bought and paid the judgment, he would occupy the place of Hensien in the premises, and be entitled to have it deducted from the value of the replevied property as found by the jury, as it appears the claim was not presented by the sheriff with the other claims, the value of which goes to make up the amount of the lien.

We are unable upon the facts stated to discover any error in this part of the judge's charge. Any other rule would certainly work great injustice, such as the law never contemplated or would tolerate. It is the actual and just rights of the parties which are to be kept in sight in this class of cases, and we see no difficulty under the statute in permitting what the circuit judge said to the jury they might do in regard to this claim. We think the defendants, who are sureties on the replevin bond, may show rights in themselves, or in either of them, to the property, which was taken upon the writ of replevin, and for which the plaintiff took judgment under his lien established at the trial. Simple justice requires this, of course, if Charles Ferguson would be entitled to have the amount of his mortgage deducted from the amount of the plaintiff's lien found by the jury in the first suit, and there was no error in the ruling of the court in giving such direction to the jury.

The other question presented, as to the admissibility of the testimony offered for the purpose of showing there was included among the goods taken by the plaintiff property to the amount of $700 or $800, which was held on commission and did not belong to Quackenbush at the time the levy thereon was made, is one of more difficulty. It does not appear that they were covered by the mortgage, or that either of the defendants' sureties had any interest in them. Still, the general title seems to have been adjudicated as belonging to Quackenbush, subject to the lien under the levies, and so

far as we can discover from the record the value of these goods constituted a part of the plaintiff's lien under his levies in the replevin suit.   The evidence was offered for the purpose of having their value deducted from the amount claimed by plaintiff in this case.   We can see no way of doing this under the statute or practice in such cases.   We think the admission of this evidence was improper, to the prejudice of the rights of the plaintiff, and therefore error.

Not so, however, with regard to the testimony relating to property owned by Quackenbush and included under the sheriff's lien, but not purchased of Parmelee.   The instruction given by the court to deduct that amount was correct. Charles Ferguson became the owner of these goods under his mortgage interest and purchase of the property, and he being a bona fide holder, the amount of that interest could therefore properly be deducted.

We have not considered the exceptions in this case seriatim or in detail, but think that what we have said sufficiently covers all the questions necessary to discuss.  This is the fourth time the case has been before us for review.   The charge of the circuit judge seems to have been full, and in the main correct.   We regret that we cannot finally dispose of the case at this time ; but for the two errors stated

The judgment must be reversed and a new trial granted.

The other Justices concurred.